**SUPERIOR COURT**
**OF THE**

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

September 13, 2016

Wayne A. King
SBI# 00274612
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> RE: *State of Delaware v. Wayne A. King*,
> Def. ID# 0908004017

DATE SUBMITTED: August 30, 2016

Dear Mr. King:

Defendant Wayne A. King ("Defendant") has filed his second Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is summarily dismissed.

On November 24, 2009, Defendant pled guilty to Possession of a Firearm During the Commission of a Felony ("PFDCF"), Conspiracy in the Second Degree, and Robbery in the First Degree. Defendant was sentenced as follows: for PFDCF, five years at Level Five, of which all time is mandatory; for Conspiracy in the Second Degree, one year at Level Five, not subject to early release; and for Robbery in the First Degree, 20 years at Level Five, suspended after four years for one year of supervision at Level Four followed by three years at Level Three. No

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated May 29, 2015.

direct appeal was filed; therefore, the conviction became final on December 24, 2009. Defendant filed his first Motion for Postconviction Relief on May 12, 2010, which was predicated upon a claim of ineffective assistance of counsel. The motion failed because Defendant was unable to show that his counsel's representation fell below an objective standard of reasonableness.[2]

On August 29, 2016, Defendant filed his second Motion for Postconviction Relief. He claims it was improper for the Deputy Attorney General ("DAG") to file a Motion to Declare Defendant an Habitual Offender on the day of the plea and sentencing. Defendant erroneously believes that a written motion must be served at least two days prior to a hearing under Superior Court Rule of Criminal Procedure 45.[3]

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[4] Both Rule 61(i)(1) and (2) require this motion to be summarily dismissed. First, a motion for

---

[2] *State v. King* 2010 WL 2136532 (Del. Super. May, 27, 2010) (denying Defendant's first Motion for Postconviction Relief).

[3] Rule 45 is applicable to subpoenas and, therefore, inapplicable to this motion.

[4] Super. Ct. Crim. R. 61(i) provides:

(i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

(2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

(4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

postconviction relief cannot be filed more than one year after the judgment is final.[5] Given that Defendant's conviction was final on December 24, 2009, his motion is time-barred. Additionally, any successive motion for postconviction relief is barred by Rule 61(i)(2) unless the Defendant has:

> (i) [pled]...with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which [he] was convicted; or
> (ii) [pled]...with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[6]

Defendant has failed to make this showing.

For the foregoing reasons, Defendant's motion is **DISMISSED**.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **Richard F. Stokes***

Richard F. Stokes

cc: Prothonotary's Office
    John W. Donahue, IV, Esquire
    James D. Nutter, Esquire

---

[5] *See* Rule 61(i)(1)
[6] *See* Rule 61(i)(2); 61(d)(2)(i), (ii).